UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION, *as
Trustee for the Registered Holders of the
WFCM 2013-LC12 Mortgage Trust
Commercial Mortgage Pass-Through
Certificates, Series 2013-LC12*

                Plaintiff,

      v.

LONG ISLAND CITY PARTNERS LLC;
STEVEN BAHARESTANI; MARTIN
BAHARESTANI; WORKERS
COMPENSATION BOARD OF NEW YORK
STATE; CRIMINAL COURT OF THE CITY
OF NEW YORK; ENVIRONMENTAL
CONTROL BOARD; SELA GROUP LLC; and
JOHN DOE #1 THROUGH JOHN DOE #50,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-1347 (RPK)

RACHEL P. KOVNER, United States District Judge:

    SELA Group, LLC's motion to dismiss is denied.

## BACKGROUND

    I assume the parties' familiarity with the facts. In short, U.S. Bank owns a consolidated mortgage that is secured by the Hotel Vetiver in Long Island City, New York. *See* Am. Compl. ¶¶ 1–2, 4 (Dkt. #39). Long Island City Partners owns the Hotel Vetiver and allegedly stopped making mortgage payments in April 2020. *Id*. at ¶¶ 4, 73. Around the same time, SELA Group agreed to purchase the Hotel Vetiver, but the sale did not close. Decl. of C. Gorman, Ex. A ¶¶ 20, 59–60 ("State Court Compl.") (Dkt. #58-2).

    Two lawsuits regarding the hotel property were filed on the same day, March 12, 2021— one in state court, and one in federal court. U.S. Bank sued Long Island City Partners in federal

1

court, initially seeking a declaratory judgment that Long Island City Partners is in default as well as an order appointing a receiver to manage the property.  Compl. ¶¶ 34–38 (Dkt. #1).  Meanwhile, SELA Group sued Long Island City Partners in New York state court, seeking specific performance of the sales agreement.  State Court Compl. ¶¶ 61–68; *see SELA Group, LLC v. Long Island City Partners, LLC*, No. 705735/2021 (N.Y. Sup. Ct.).  In October 2021, Long Island City Partners filed a third-party complaint against U.S. Bank in the state-court action, seeking indemnification and a declaratory judgment that U.S. Bank improperly refused to assign the mortgage to SELA Group.  *See* Decl. of C. Gorman, Ex. B ¶¶ 34–56 (Dkt. #58-3).

In January 2022, SELA Group and U.S. Bank both moved in state court for a stay until this federal action is resolved.  *See* Notice of Motion & Notice of Cross-Motion, *Sela Group, LLC v. Long Island City Partners, LLC*, No. 705735/2021 (N.Y. Sup. Ct.) (Dkt. ##62, 66).  While those motions were pending, in February 2022, U.S. Bank amended its federal complaint to add SELA Group as a defendant and to assert a foreclosure claim.  Am. Comp. ¶¶ 88–92.

In July 2022, SELA Group moved to dismiss the federal action based on the pending state action.  *See* Mot. to Dismiss (Dkt. #58).  SELA Group invoked the doctrine of prior exclusive jurisdiction and *Colorado River* abstention.  *Id*. at 6–12.

In September 2022, the state court granted SELA Group's motion to stay.  *See* 9/30/2022 Letter 1–3 (Dkt. #64).  It ordered "that the action is stayed pending the resolution of the federal action." *Id*. at 3.

I directed the parties to submit supplemental letters regarding the effect of the state court's stay on SELA Group's motion to dismiss.  *See* 12/15/2022 Minute Entry.  SELA Group filed a letter withdrawing its argument under the *Colorado River* doctrine but maintaining that dismissal

2

is still required under the prior exclusive jurisdiction doctrine. *See* 1/06/2023 Letter to Court 1 (Dkt. #69).

## DISCUSSION

SELA Group's motion to dismiss based on the prior exclusive jurisdiction doctrine is denied.

The prior exclusive jurisdiction doctrine limits federal jurisdiction in certain *in rem* and *quasi in rem* cases. "When two sovereigns have concurrent *in personam* jurisdiction one court will ordinarily not interfere with or try to restrain proceedings before the other." *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir. 1987). But "if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court [in the later-filed action] must yield to that of the other." *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939). That is because "both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict." *Kline v. Burke Const. Co.*, 260 U.S. 226, 235 (1922).

I decline SELA Group's request to dismiss this federal suit under the prior exclusive jurisdiction doctrine on the theory that state court asserted *in rem* jurisdiction over the Hotel Vetiver before this Court did. I have not found, and the parties have not identified, any case that addresses the application of prior exclusive jurisdiction doctrine in a case like this one, in which the assertedly prior state lawsuit has been stayed in favor of the federal lawsuit. But the principles underlying the doctrine do not support its application in such circumstances. In *Kline*, the Supreme Court stated that the prior exclusive jurisdiction doctrine is "based upon necessity, and where the necessity, actual or potential, does not exist the rule does not apply." 260 U.S. at 235. There is

no necessity for federal jurisdiction to yield, lest two courts seek to "possess or control" a single property "at the same time," *ibid.*, when the state suit asserting jurisdiction over the *res* has already been stayed pending resolution of the federal suit.

Second Circuit cases point in the same direction. The Second Circuit has described the prior exclusive jurisdiction doctrine as "a prudential doctrine" that exists for purposes of comity and federalism. *Carvel v. Thomas and Agnes Carvel Found.*, 188 F.3d 83, 86 (2d Cir. 1999) (collecting cases). For example, in *Levy v. Lewis*, 635 F.2d 960 (2d Cir. 1980), the court described the doctrine "as a prudential doctrine in which a second court with concurrent jurisdiction will exercise its discretion to defer to another court for the sake of comprehensive disposition of rights in a particular piece of property." *Id.* at 966. And in a more recent case, the Court of Appeals added that "the doctrine of prior exclusive jurisdiction—and the exceptional circumstances it might present justifying abstention—derive from the practicalities of in rem proceedings, not from the character of rights those proceedings adjudicate." *Leopard Marine & Trading, Ltd. v. Easy Street Ltd.*, 896 F.3d 174, 193 (2d Cir. 2018). Those cases indicate that the prior exclusive jurisdiction doctrine lacks application here. There is no prudential or comity-based reason to decline to exercise federal jurisdiction based on the existence of a state lawsuit when the state court in question has indicated that it will not take any action until the federal case is resolved.

## CONCLUSION

SELA Group, LLC's motion to dismiss is denied.

**SO ORDERED.**

                                              */s/ Rachel Kovner*
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated: February 17, 2023
       Brooklyn, New York