UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

U.S. BANK NATIONAL ASSOCIATION, *as Trustee for the Registered Holders of the WFCM 2013-LC12 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2013-LC12*,

           Plaintiff,

     v.

LONG ISLAND CITY PARTNERS LLC; STEVEN BAHARESTANI; MARTIN BAHARESTANI; WORKERS COMPENSATION BOARD OF NEW YORK STATE; CRIMINAL COURT OF THE CITY OF NEW YORK; ENVIRONMENTAL CONTROL BOARD; SELA GROUP, LLC; MALKA GERSHOMOV, *as Nominee, s/h/a John Doe #1*; and JOHN DOE #2 THROUGH JOHN DOE #50,

           Defendants.

**MEMORANDUM AND ORDER**
21-CV-1347 (RPK) (RML)

-------------------------------------------------------

RACHEL P. KOVNER, United States District Judge:

     Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of the WFCM 2013-LC12 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2013-LC12 ("U.S. Bank Trust"), brought this suit seeking to foreclose on two mortgage liens. *See generally* Second Am. Compl. (Dkt. #76). Plaintiff moved for summary judgment against defendants Sela Group, LLC, Long Island City Partners LLC ("LICP"), Steven Baharestani, and Martin Baharestani, and for default judgment against defendants Workers Compensation Board of New York State, Criminal Court of the City of New York, Environmental Control Board of the

1

City of New York, and Malka Gershomov. *See* U.S. Bank Trust's Mot. for Summ. J., Default J., & Related Relief (Dkt. #99); Mem. of L. in Supp. of Mot. for Summ. J., Default J., & Related Relief (Dkt. #101). Defendants LICP, Steven Baharestani, and Martin Baharestani moved for leave to file a late answer. *See* Cross-Mot. to File a Belated Answer (Dkt. #112). Defendant Sela Group, which entered into an agreement to buy a property from co-defendant LICP, brought cross-claims against LICP arising from the breach of that purchase agreement. *See* Sela Group's Answer 16–29 (Dkt. #84). Sela Group then moved for summary judgment on its cross-claims. *See* Sela Group's Mem. of L. in Supp. of Sela Group's Mot. for Summ. J. ("Sela Group's Mot. for Summ. J.") (Dkt. #117).

The Court referred these motions to Magistrate Judge Levy for a report and recommendation ("R. & R."), *see* Mar. 19, 2024 Order Referring Mots. Judge Levy recommended that Sela Group's motion for summary judgment be granted; plaintiff's motion for summary judgment against defendants LICP, Steven Baharestani, and Martin Baharestani be granted in part and denied in part; plaintiff's motion for summary judgment against defendant Sela Group be granted; plaintiff's motion for default judgment against defendants Workers Compensation Board of New York State, Criminal Court of the City of New York, Environmental Control Board of the City of New York, and Malka Gershomov, as Nominee, be denied; and the motion of defendants LICP, Steven Baharestani, and Martin Baharestani to file a late answer be granted. *See* R. & R. (Dkt. #133). LICP and its owners Steven and Martin Baharestani object to the recommendation that Sela Group's motion for summary judgment be granted. *See* LICP's Obj. (Dkt. #135). For the reasons that follow, the Court overrules the objection and adopts the conclusions of the R. & R.

2

**BACKGROUND**

The following facts are drawn from the parties' pleadings, Rule 56.1 statements of undisputed facts, and supporting affidavits, declarations, and documents.

**1. Underlying Action and Sela Group's Cross-Claims**

Sela Group's cross-claims against LICP arise from LICP's attempted sale of the former Hotel Vetiver, located at 29-11 39th Avenue in Long Island City, New York ("the Property"), to Sela Group. *See* Sela Group's Answer 16–29. In December 2019, LICP entered a Purchase and Sale Agreement ("Purchase Agreement") with Sela Group for the purchase of the Property. *See* Affidavit of Gal Sela ("Sela Aff.") ¶ 4 (Dkt. #117-17); Sela Aff., Ex. B ("Purchase & Sale Agreement") (Dkt. #117-19); *see also* Sela Aff., Ex. C (Dkt. #117-20) (amendment to the Purchase Agreement). As part of the agreement, Sela Group deposited $500,000 into an escrow account. *See* Purchase & Sale Agreement § 2; Sela Group's Rule 56.1 Statement ¶ 5 (Dkt. #117-1).

In the Purchase Agreement, LICP represented that "[t]he execution and delivery of this Agreement, and the consummation of the transactions contemplated hereby . . . [shall not] result in a breach or violation of any legal requirement, or constitute a default (or an event which with notice and passage of time, or both, will constitute a default) under any contract or agreement to which [LICP] or an Affiliate is a party or by which it or the Property is bound." Purchase & Sale Agreement § 9(A)(a); Sela Group's Rule 56.1 Statement ¶ 5.

Under the terms of the Purchase Agreement, Sela Group had the right to assume the mortgages at issue in this case. Purchase & Sale Agreement § 4(a)(B). The agreement obligates the parties to "each use commercially reasonable efforts" and "act diligently and promptly and in good faith in connection with undertaking to obtain" Sela Group's assumption of the mortgages.

3

*Id.* § 4(b). The agreement further provided that Sela Group would "pay the actual legal fees and expenses of the Mortgagee in effecting said assumption." *Ibid.*

The Purchase Agreement provides that "[i]f any representation of [LICP] shall fail to be true in any material and adverse respect as of Closing, [Sela Group's] sole remedy shall be to terminate this Agreement and receive the return of the [deposit]." *Id.* § 9(D). The Purchase Agreement also includes a provision stating that a party that prevails in a suit to enforce the agreement will be entitled to attorneys' fees. *Id.* § 29(c).

Before entering the Purchase Agreement, LICP made a separate deal with non-party World Class Hospitality, Inc. ("WCH"), giving WCH an option to purchase the Property. *See* Sela Group's Rule 56.1 Statement ¶ 65. Five days before entering into the Purchase Agreement with Sela Group, LICP encouraged WCH to exercise its option to buy the Property and indicated that WCH had ten days to do so. *See id.* ¶ 67; Decl. of Christopher A. Gorman ("Gorman Decl."), Ex. L (Dkt. #117-14). After Sela Group signed the Purchase Agreement, WCH responded that it would exercise its option. *See* Sela Group's Rule 56.1 Statement ¶ 68; Gorman Decl., Ex. M (Dkt. #117-15). Nevertheless, in the Purchase Agreement, LICP represented that the execution of the Purchase Agreement would not constitute a default under any contract to which LICP was a party or by which the Property was bound. *See* Purchase & Sale Agreement § 9(A)(a); Sela Group's Rule 56.1 Statement ¶ 78.

The Purchase Agreement fell through for reasons that the parties dispute. Sela Group alleged that LICP refused to act in good faith and use its best efforts to obtain the mortgage assumption agreement for Sela Group, and that LICP "otherwise sabotage[d] the parties' ability to close on the sale transaction." *See* Sela Group's Answer 17. For its part, LICP argues that Sela Group failed to take the steps necessary for the mortgage assumption to occur, specifically by

4

failing to pay the requisite legal fees. *See* LICP's Opp'n to Sela Group's Mot. for Summ. J. 4–9 (Dkt. #118).

Plaintiff U.S. Bank Trust brought suit on March 12, 2021. *See* Complaint (Dkt. #1). In its operative complaint, which seeks to foreclose two mortgage liens on the Property, plaintiff named as defendants LICP, which owns the Property; Sela Group, which had filed a *lis pendens* against the Property; individuals who have an ownership interest in LICP; and several holders of liens that are subordinate to the liens of the mortgages plaintiff seeks to foreclose. *See* Second Am. Compl. ¶¶ 4–11; *see also* R. & R. 3–4.

Sela Group brought cross-claims against LICP for breach of contract, seeking specific performance, damages, and attorneys' fees. Sela Group's Answer 26–28.

**2. Sela Group's Motion for Summary Judgment**

Sela Group moved for summary judgment on its cross-claims. *See* Sela Group's Mot. for Summ. J. As relevant here, Sela Group argues that LICP breached the Purchase Agreement in two ways. *First*, Sela Group contends, LICP breached the agreement upon its execution by having an existing contract that provided WCH the option to purchase the Property "[a]t any point in time during the agreement." Sela Group's Rule 56.1 Statement ¶ 65; *see* Sela Group's Mot. for Summ. J. 2. Section 9(A)(a) of the Purchase Agreement represented that execution of the agreement would not constitute a default under any contract to which LICP was a party or by which the Property was bound. *See* Purchase & Sale Agreement § 9(A)(a). Sela Group contends that LICP's "double-dealing of the Property—vis-à-vis WCH, on the one hand, and [Sela Group], on the other hand—resulted in an immediate and material breach of Section 9(A)(a)." Sela Group's Mot. for Summ. J. 10.

*Second*, Sela Group argues that LICP breached Section 4(b) of the Purchase Agreement—which obligates the parties to cooperate to effectuate Sela Group's assumption of the mortgage—by failing to disclose that it was in default under its loan agreement, refusing to obtain documents necessary for the mortgage assumption, and refusing to extend the closing deadline. *See* Sela Group's Mot. for Summ. J. 5–8. In response, LICP argues that Sela Group breached the terms of the Purchase Agreement by failing to pay U.S. Bank Trust's legal retainer fee in connection with the mortgage assumption as required by Section 4(b) of the Purchase Agreement, and that LICP was therefore entitled to retain Sela Group's contract deposit as liquidated damages. *See* LICP's Opp'n to Sela Group's Mot. for Summ. J. 4–9. LICP does not dispute the existence of its contract with WCH at the time the parties entered into the Purchase Agreement, but states that the contract with WCH was later terminated. *See* LICP's Rule 56.1 Statement ¶¶ 18–28 (Dkt. #118-1).

### 3. Judge Levy's Report and Recommendation and LICP's Objection

Judge Levy recommended granting Sela Group's motion for summary judgment. Judge Levy found undisputed that (1) LICP failed to perform its obligation under the Purchase Agreement to place the mortgage assumption in a position to proceed; (2) LICP was in arrears of its loan obligations to Lender, and this fact was not disclosed to Sela Group; (3) WCH had an option to purchase the Property at the time LICP entered the Purchase Agreement with Sela Group, which "gave WCH the unqualified option to purchase the Property while the contract remained in effect and the option to purchase the Property if LICP terminated their contract without cause"; and (4) WCH attempted to exercise its option after Sela Group signed the Purchase Agreement. R. & R. 21, 25–26. Based on these facts, Judge Levy concluded that LICP had breached the Purchase Agreement in two ways. First, LICP breached the Purchase Agreement based on "[t]he existence of WCH's option at the time—and after—LICP and Sela Group entered into the

6

Purchase Agreement." *Id.* at 25. Second, LICP breached the Purchase Agreement because it failed to comply with the "Commencement Conditions"—steps necessary to enable Sela Group to assume the mortgage. *Id.* at 30. Accordingly, Judge Levy found that LICP was in breach and that "Sela Group did not breach the Purchase Agreement by failing to pay fees and expenses in connection with its assumption of the mortgage." *Ibid.* Judge Levy recommended that LICP be ordered to return Sela Group's deposit and pay Sela Group's reasonable attorneys' fees and costs. *Id.* at 30–31.

Judge Levy also recommended that plaintiff's motion for summary judgment against defendants LICP, Steven Baharestani, and Martin Baharestani be granted in part and denied in part; plaintiff's motion for summary judgment against defendant Sela Group be granted; plaintiff's motion for default judgment against defendants Workers Compensation Board of New York State, Criminal Court of the City of New York, Environmental Control Board of the City of New York, and Malka Gershomov, as Nominee, be denied; and the motion of defendants LICP, Steven Baharestani, and Martin Baharestani to file a late answer be granted. *See* R. & R. 37.

LICP objects to the portion of the R. & R. recommending summary judgment on Sela Group's claims. *See* LICP's Obj. Specifically, LICP objects to the finding that it failed to take the steps necessary for Sela Group to assume the mortgage. *See id.* at 2–4. In addition to arguing that Judge Levy misconstrued the record, LICP offers new evidence to show that it took steps in compliance with the terms of the Purchase Agreement, and argues that Sela Group's failure to pay legal fees was the reason the mortgage assumption could not proceed. *See id.* at 9–11. LICP does not specifically object to the portion of the R. & R. finding that, by virtue of the purchase option held by WCH, LICP had breached the section of the Purchase Agreement in which Sela Group

7

affirmed that execution of the agreement would not constitute a default under any contract to which LICP was a party or by which the Property was bound. *See generally ibid.*

## STANDARD OF REVIEW

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine de novo" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested, or to which no proper objection has been made, may be reviewed for "clear error," *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted), which will be found only when, upon review of the entire record, the Court is left with "the definite and firm conviction that a mistake has been committed," *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## DISCUSSION

LICP's objection to Judge Levy's conclusion that Sela Group is entitled to summary judgment is overruled, and the conclusions of the R. & R. are adopted in full.

LICP's objection to Judge Levy's summary judgment recommendation lacks merit. LICP argues that Judge Levy's summary judgment recommendation should be overruled because LICP did not breach its agreement in one of the several ways that Judge Levy identified—namely, by failing to take steps necessary for Sela Group to assume the mortgage on the Property. *See* R. & R. 29–30; LICP's Obj. 3–4. But even if LICP's arguments about its efforts to fulfill these "Commencement Conditions" are correct, Judge Levy separately found that LICP was in material breach of the Purchase Agreement from its inception because of LICP's undisclosed purchase-option contract with WCH. R. & R. 25–26. Judge Levy found that this material breach by itself

8

entitled Sela Group to terminate the Purchase Agreement and have its deposit returned. *See ibid.* LICP has not objected to that portion of the R. & R, which readily passes clear-error review. Accordingly, Judge Levy's recommendation that summary judgment be granted in favor of Sela Group on its cross-claims is adopted, because that holding is adequately supported by Judge Levy's unobjected-to conclusions about LICP's material breach at inception. I need not reach whether LICP failed to comply with the "Commencement Conditions" requirements, or whether Sela Group failed to comply with contractual obligations it would have had in the absence of LICP's material breach.

In addition to reviewing the R. & R. as described above in response to LICP's objection, I have reviewed all other aspects of the R. & R. for clear error and found none. Accordingly, the conclusions of the R. & R. are adopted in full.

## CONCLUSION

Plaintiff's objections to Magistrate Judge Levy's R. & R. are overruled for the reasons set forth above, and finding no clear error in any of the conclusions not challenged by LICP's objections, I adopt the conclusions of the R. & R. in full. Sela Group LLC's cross-motion for summary judgment against defendant LICP is granted; plaintiff's motion for summary judgment against defendants LICP, Steven Baharestani, and Martin Baharestani is granted in part and denied in part as set forth in the R. & R.; plaintiff's motion for summary judgment against defendant Sela Group is granted; plaintiff's motion for default judgment against defendants Workers Compensation Board of New York State, Criminal Court of the City of New York, Environmental Control Board of the City of New York, and Malka Gershomov, as Nominee, is denied; and the motion of defendants LICP, Steven Baharestani, and Martin Baharestani to file a late answer is granted. The Court also adopts Magistrate Judge Levy's recommendation to remove the John Doe defendants from the docket. Within thirty days of this order, Sela Group shall file a supplemental submission in support of its application for attorneys' fees with "contemporaneous billing records specifying, for each attorney, the date, the hours expended, [and] the nature of the work performed, as well as the billing rates and biographical information on each attorney working on this matter on behalf of Sela Group." R. & R. 31.

SO ORDERED.

    /s/ Rachel Kovner
    RACHEL P. KOVNER
    United States District Judge

Dated: March 13, 2025
       Brooklyn, New York