UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

U.S. BANK NATIONAL ASSOCIATION,
*as Trustee for the Registered Holders of the
WFCM 2013-LC12 Mortgage Trust
Commercial Mortgage Pass-Through
Certificates, Series 2013-LC12*,

                Plaintiff,

      v.

LONG ISLAND CITY PARTNERS LLC;
STEVEN BAHARESTANI; MARTIN
BAHARESTANI; WORKERS
COMPENSATION BOARD OF NEW
YORK STATE; CRIMINAL COURT OF
THE CITY OF NEW YORK;
ENVIRONMENTAL CONTROL BOARD;
SELA GROUP, LLC; MALKA
GERSHOMOV, *as Nominee, s/h/a
John Doe #1*; and JOHN DOE #2
THROUGH JOHN DOE #50,

                Defendants.

-----------------------------------------------------x

**MEMORANDUM AND ORDER**
21-CV-1347 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

    For several years, Long Island City Partners, LLC ("LICP"), has been embroiled in litigation with U.S. Bank National Trust Association ("U.S. Bank Trust") and Sela Group, LLC. U.S Bank Trust has been seeking to foreclose on mortgage liens that it holds on an LICP-owned property in Long Island City. And Sela Group—to which LICP agreed to sell the property in question—has been pursuing claims that LICP breached its contract to sell the property.

    Approximately three years into this litigation, with summary judgment motions pending, LICP filed a separate lawsuit against U.S. Bank Trust and Rialto Capital Advisors, LLC ("Rialto"),

1

an agent of U.S. Bank Trust that acts as the bank's servicer on the mortgages in question. LICP claims that U.S. Bank Trust and Rialto breached the loan agreement between LICP and U.S. Bank Trust by preventing Sela Group from assuming LICP's mortgages as part of a sale deal and by demanding sums to which U.S. Bank Trust was not entitled under the mortgage agreement.

U.S. Bank Trust and Rialto have moved to dismiss the claims in LICP's lawsuit. They argue that the causes of action in LICP's complaint were compulsory counterclaims to those raised in U.S. Bank Trust's long-pending lawsuit. LICP's attempt to bring such claims by filing a new lawsuit three years into the parties' litigation, U.S. Bank Trust and Rialto argue, simply came too late. As explained below, for substantially the reasons advanced by U.S. Bank Trust and Rialto, the motion to dismiss is granted.

## BACKGROUND

The following facts are drawn from the parties' pleadings and judicially noticeable documents.

### 1. Initial Action and Cross-Claims

In 2013, U.S. Bank Trust entered into a loan agreement with LICP (the "Loan Agreement"). *See* LICP Compl. ¶ 10, Ex. A (Dkt. #132-3). Under the agreement, U.S. Bank Trust held title to two mortgage liens on a property owned by LICP: the former Hotel Vetiver, located at 29-11 39th Avenue in Long Island City, New York ("the Property"). *Id.* ¶¶ 2, 10. In December 2019, LICP agreed to sell the Property to defendant Sela Group, through a Purchase and Sale Agreement (the "Purchase Agreement"). *See id.* ¶ 15. According to Sela Group, LICP also made a separate deal with non-party World Class Hospitality, Inc., giving that entity an option to purchase the Property. *See* Sela Group's Mot. for Summ. J. 2, 8–10 (Dkt. #117).

LICP stopped making payments on the Loan Agreement in April 2020, during the COVID-19 pandemic. LICP Compl. ¶ 16. The Purchase Agreement between LICP and Sela Group also fell through. *Id.* ¶ 37.

U.S. Bank Trust brought a lawsuit against LICP and related entities in March 2021. *See* U.S. Bank Trust Compl. (Dkt. #1). Its operative complaint seeks to foreclose on two mortgage liens on the Property. *See* Second Am. Compl. (Dkt. #76). U.S. Bank Trust names as defendants LICP, which owns the Property; Sela Group, which had filed a *lis pendens* against the Property; individuals who have an ownership interest in LICP; and several holders of liens that are subordinate to the liens of the mortgages on which plaintiff seeks to foreclose. *See id.* ¶¶ 4–11; *see also* Report and Recommendation ("R. & R.") 3–4 (Dkt. #133).

Also in March 2021, Sela Group filed a lawsuit against LICP in the Supreme Court of the State of New York, County of Queens, alleging breach of the Purchase Agreement. *See* LICP Compl. ¶ 40, Ex. B. In this state court suit, LICP brought third-party claims in October 2021 against U.S. Bank Trust and Rialto for interfering with the Purchase Agreement and breach of the Loan Agreement. *See id.* ¶ 45, Ex. C. The state court litigation is currently stayed. *Id.* ¶ 48–49.

Meanwhile, in March 2023, Sela Group brought cross-claims in this Court against LICP for breach of contract, *see* Sela Group's Answer (Dkt. #72), arguing that LICP breached the Purchase Agreement through, *inter alia*, its "double-dealing of the Property—vis-à-vis [World Class Hospitality], on the one hand, and [Sela Group], on the other hand." Sela Group's Mot. for Summ. J. 10.

Discovery in this case closed in February 2022, consistent with the parties' proposed schedule. *See* Proposed Scheduling Order (Dkt. #25); Jan. 26, 2022 Minute Entry; Aff. Regarding Doc. Disclosure (Dkt. #38). U.S. Bank Trust sought summary judgment on its mortgage

3

foreclosure claim in October 2023, *see* U.S. Bank Trust's Mot. for Summ. J., Default J., & Related Relief (Dkt. #99), and Sela Group moved for summary judgment on its cross-claims against LICP in November 2023, *see* Sela Group's Mot. for Summ. J.

On August 22, 2024, Magistrate Judge Levy issued a report and recommendation recommending that U.S. Bank Trust's motion for summary judgment on its foreclosure claim be granted, and that Sela Group's motion for summary judgment also be granted. *See* R. & R. 1–2. Judge Levy found "no material dispute" that LICP had failed to make the required loan payments to U.S. Bank Trust, constituting an event of default under the Loan Agreement. *Id.* at 12. In addition, Judge Levy concluded that LICP had breached the Purchase Agreement with Sela Group based on, *inter alia*, "[t]he existence of [World Class Hospitality's] option at the time—and after—LICP and Sela Group entered into the Purchase Agreement." *Id.* at 25.

On March 13, 2025, the Court adopted the conclusions of the R. & R., granting both U.S. Bank Trust's motion for summary judgment on its foreclosure claim and Sela Group LLC's cross-motion for summary judgment against LICP. *See* Order Adopting Conclusions of the R. & R. (Dkt. #152). In doing so, the Court adopted the unobjected-to findings of the R. & R. that LICP had defaulted under the Loan Agreement and materially breached the Purchase Agreement at its inception. *Id.* at 8–9.

**2. LICP's Suit and Consolidation with This Case**

On March 19, 2024, after U.S Bank Trust and Sela Group's motions for summary judgment had been fully briefed, LICP filed a separate suit in this District against U.S. Bank Trust and Rialto, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and tortious interference. *See* LICP Compl. ¶¶ 65–115. The complaint asserts that U.S. Bank Trust and Rialto interfered with LICP's attempted sale of the Property to Sela Group by failing to allow

4

Sela Group's mortgage assumption to go through, *id.* ¶¶ 15–39, demanded payment on interest not owed, *id.* ¶¶ 60–62, and acted "for the wrongful and malicious purpose of accruing additional interest, default interest, costs and expenses on the mortgage loan, so that [U.S. Bank Trust and Rialto] could generate additional profits under the Loan Agreement and foreclose on the Property," *id.* ¶ 101. LICP seeks damages, a declaratory judgment, and injunctive relief. *See id.* ¶¶ 116–31, pp. 23–24 (prayer for relief).

At the request of U.S. Bank Trust and Rialto, LICP's suit was consolidated with this case on April 19, 2024. *See* Apr. 19, 2024 Consolidation Order, *LICP v. U.S. Bank Trust*, No. 24-CV-2004 (RPK) (RML). U.S. Bank Trust and Rialto filed a motion to dismiss LICP's claims on July 10, 2024, arguing, among other things, that LICP's claims are barred as untimely compulsory counterclaims to the claims in the earlier-filed litigation in this Court between LICP, U.S. Bank Trust, and Rialto. *See* Mem. of L. in Supp. of Mot. to Dismiss (Dkt. #132-1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). At the motion-to-dismiss stage, a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in a complaint as true,

5

*Iqbal*, 556 U.S. at 678, and "draw[] all reasonable inferences in favor of the plaintiff," *Buon v. Spindler*, 65 F.4th 64, 76 (2d Cir. 2023). The court, however, is not obligated to adopt "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

U.S. Bank Trust and Rialto's motion to dismiss is granted. As explained below, the claims that LICP seeks to press in its own action are compulsory counterclaims to those brought in the earlier-filed suit involving U.S. Bank Trust and Sela Group. Although the fact that LICP attempted to bring these claims in a separate action—rather than as counterclaims—is not a fatal deficiency, LICP's delay in bringing the claims warrants dismissal.

**1. LICP's Claims Are Compulsory Counterclaims**

The claims that LICP seeks to bring in its lawsuit against U.S. Bank Trust and Rialto are compulsory counterclaims under Federal Rule of Civil Procedure 13(a) to the claims in U.S. Bank's lawsuit against LICP. Under Rule 13(a)(1),

> [a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

A counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim, . . . when there is a logical relationship between the counterclaim and the main claim." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004) (citation and quotation marks omitted). "Although the logical relationship test does not require an absolute identity of factual backgrounds, the essential facts of the claims must be so logically connected

6

that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Ibid.* (citations, quotation marks, and brackets omitted).

Here, LICP's claims against U.S. Bank Trust and Rialto are inherently intertwined with the claims in U.S. Bank Trust's earlier-filed action against LICP. In the first-filed lawsuit, U.S. Bank Trust brought foreclosure claims against LICP based on LICP's default under the Loan Agreement, and cross-claimant Sela Group brought claims against LICP for breach of the Purchase Agreement. In LICP's lawsuit, LICP alleges that U.S. Bank Trust and Rialto breached the Loan Agreement and tortiously interfered with the Purchase Agreement by failing to allow the assumption of mortgage to move forward. The issues in the first-filed action—among other things, whether LICP defaulted under the Loan Agreement and breached the Purchase Agreement at its inception—bear directly on the merits of LICP's counterclaims that U.S. Bank Trust and Rialto breached the Loan Agreement and interfered with the Purchase Agreement. In light of the clear "logical relationship" between LICP's counterclaims and the underlying claims, "considerations of judicial economy and fairness" strongly weigh in favor of resolving all issues in one lawsuit. *Jones*, 358 F.3d at 209 (citation and quotation marks omitted).

LICP's claims do not fall under the Rule 13(a)(2)(A) exception to compulsory counterclaims. Under this exception, a counterclaim need not be brought if, "when the action was commenced, the claim was the subject of another pending action." Fed. R. Civ. P. 13(a)(2)(A). Critically, "the counterclaim must be pending 'when the action was commenced' in order to fall within this exception," lest a defendant "could avoid having to interpose a claim as a compulsory counterclaim by bringing suit in another forum after the first action was commenced." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1411 (3d ed. 2024). Here, LICP sued U.S. Bank and Rialto in state court in October 2021, *see* LICP Compl. ¶ 45, Ex. C,

7

months *after* U.S. Bank commenced its lawsuit against LICP in March 2021, *see* U.S. Bank Trust Compl. Because LICP's state court claims were not pending "when the [U.S. Bank Trust] action was commenced," the exception does not apply. Fed. R. Civ. P. 13(a)(2)(A).

Further, the fact that LICP has named not only U.S. Bank Trust but also Rialto as a defendant in its lawsuit does not change the analysis. The term "opposing party" under Rule 13(a) "encompass[es] entities that are 'one and the same for the purposes of litigation.'" *Nielsen Co. (U.S.), LLC v. Success Sys., Inc.*, 112 F. Supp. 3d 83, 119 (S.D.N.Y. 2015) (ellipsis omitted) (quoting *Banco Nacional de Cuba v. First Nat'l City Bank of N.Y.*, 478 F.2d 191, 193 (2d Cir.1973)); *see Banco*, 478 F.2d at 193 n.1 ("Since we conclude that Banco Nacional and the Republic of Cuba are one and the same for the purposes of this litigation, it follows that the Republic of Cuba is an 'opposing party' within the meaning of Rule 13 and that, therefore, the counterclaim was properly asserted."); *see also Transamerica Occidental Life Ins. Co. v. Aviation Off. of Am., Inc.*, 292 F.3d 384, 391 (3d Cir. 2002) ("[C]ourts interpret[] 'opposing party' broadly . . . to give effect to the policy rationale of judicial economy underlying Rule 13."). To be an opposing party, the named and unnamed entities must be "functional[ly] equivalent" and have a "relationship[] with some independent legal significance." *Nielson Co.*, 112 F. Supp. 3d at 119. The standard is met, for example, by a corporate defendant and wholly owned subsidiary that "represent the same interests" in a case. *In re Peaktop Techs., Inc. S'holder Derivative Litig.*, No. 06-CV-8228 (JSR), 2007 WL 700826, at *3 (S.D.N.Y. Mar. 6, 2007).

So here. Rialto has a legally significant relationship with U.S. Bank Trust, as the "special servicer for the trust holding the mortgage, with the right to exercise all rights of U.S. Bank and enforce all obligations under the Loan [Agreement]." LICP Compl. ¶ 11. Accordingly, as LICP itself acknowledged, U.S. Bank Trust brought its initial suit against LICP "through defendant

8

Rialto." LICP Compl. ¶ 51; *see* U.S. Bank Trust Compl. 1 (bringing claims by "Plaintiff U.S. Bank National Association . . . , acting by and through Rialto Capital Advisors, LLC, as special servicer"). Rialto and U.S. Bank thus "represent the same interests," *In re Peaktop Techs.*, 2007 WL 700826, at *3, and are "functional[ly] equivalent" for the purpose of this litigation, *Nielson Co.*, 112 F. Supp. 3d at 119. Because Rialto constitutes an opposing party under Rule 13(a), LICP's claims against Rialto are compulsory.

The claims that LICP seeks to bring against U.S. Bank Trust and Rialto are therefore compulsory counterclaims to those brought in U.S. Bank Trust's suit against LICP.

### 2. LICP's Counterclaims Are Untimely

LICP's counterclaims are dismissed because they were brought with undue delay.

As LICP observes, the fact that LICP attempted to bring its claims through a separate lawsuit rather than as counterclaims in U.S. Bank Trust's first-filed suit does not automatically bar LICP's claims, because a court may consolidate the cases rather than dismiss the counterclaims. *See Full Circle United, LLC v. Skee-Ball, Inc.*, No. 11-CV-5476 (LB), 2014 WL 12829195, at *4 (E.D.N.Y. May 13, 2014); 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1417 n.25 (3d ed. 2024) (collecting cases).

Nonetheless, LICP's proposed claims are barred because of LICP's undue delay in bringing them. Courts will not permit a litigant to raise new compulsory counterclaims at a stage of litigation that would "be unjust and highly prejudicial." *Mellon Bank, N.A. v. United Bank Corp. of N.Y.*, No. 91-CV-1066, 1994 WL 722003, at *5 (N.D.N.Y. Dec. 22, 1994). Such prejudice occurs, for instance, when a party waits to bring counterclaims until after discovery has concluded. *See, e.g.*, *ibid.* (denying motion for leave to file counterclaims when discovery had closed and the case was ready for trial); *Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F. Supp. 2d 161, 164 n.9

9

(E.D.N.Y. 1999) (rejecting counterclaims as "unduly delayed" when "coming after discovery in the case had been closed, and almost four months after the amended complaint had been filed"). And if a party has unduly delayed bringing its counterclaims, it may not circumvent the consequences that would flow from untimeliness by bringing the claims as a "duplicative action." *See Shmuel Shmueli Bashe, Inc.,* 68 F. Supp. 2d at 165–66; *see also Mellon Bank*, 1994 WL 722003, at *6 ("To now allow [counter-claimants] to make an end run around the court's previous orders by filing a second action, when they had available to them the procedural tools to accomplish the same ends in [the first action], would contravene the intent of Rule 13(a).").

Allowing LICP's counterclaims to proceed at this stage would unduly prejudice counter-defendants. U.S. Bank Trust initiated this suit in March 2021, *see* U.S. Bank Trust Compl.; discovery concluded in February 2022, *see* Proposed Scheduling Order; Jan. 26, 2022 Minute Entry; and summary judgment motions for both claims and cross-claims were fully briefed by November 2023, *see* U.S. Bank Trust Mot. for Summ. J. (Dkt. #99); Sela Group Mot. for Summ. J. (Dkt. #116). LICP gives no explanation for waiting until March 2024 to bring claims that could have been brought years ago. At this stage of litigation, LICP's claims are "unduly delayed." *Shmuel Shmueli Bashe, Inc.*, 68 F. Supp. 2d at 164 n.9.

The same conclusion applies if—as LICP contends—its attempt to pursue these claims is analyzed under the liberal standard of Rule 15(a) motions to amend. *See* LICP Resp. 10 (Dkt. #132-4) (citing *Feitshans v. Kahn*, No. 06-CV-2125 (SAS), 2007 WL 998400, at *2 (S.D.N.Y. Apr. 2, 2007)). Courts routinely deny attempts to add new claims or counterclaims that are made after the close of discovery. *See, e.g.*, *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 366 (S.D.N.Y. 2020) (denying leave to add claims against new defendants after the close of discovery when "[p]laintiffs give no explanation that would excuse this delay"); *Weaver v.*

10

*Warrington*, 14-CV-7097 (ENV) (ST), 2018 WL 5253110, at *1 (E.D.N.Y. Oct. 22, 2018) ("[C]ourts in this circuit routinely hold that motions to amend are untimely when filed after the close of discovery."); *Antrobus v. N.Y.C. Dep't of Sanitation*, 2016 WL 5394697, at *11 (E.D.N.Y. Feb. 25, 2016) ("Prejudice is generally found where the motion to amend comes . . . after many months or years of pre-trial activity[.]") (internal quotation marks and citation omitted); *Lyondell-Citgo Refin., LP v. Petroleos De Venezuela S.A.*, No. 02-CV-795 (CBM) (AJP), 2004 WL 2650884, at *1 (S.D.N.Y. Nov. 22, 2004) ("Prejudice may be found, for example, when the amendment is sought after discovery has been closed.") (citation omitted).

    Contrary to LICP's argument, counter-defendants did not "acknowledg[e] a lack of prejudice" by moving to consolidate the cases. LICP Resp. 10–11. The motion to consolidate stated that the cases "involv[ed] the exact same parties, underlying facts, and issues," but made no representation about the timeliness of LICP's claims. Apr. 5, 2024 Letter, *LICP v. U.S. Bank Trust*, No. 24-CV-2004 (RPK) (RML), ECF. No. 8. Indeed, counter-defendants made clear that they intended to move to dismiss LICP's claims as soon as they were consolidated. *See ibid.*

    In sum, "[h]aving failed, for whatever reason, to assert their counterclaims in one action," LICP "may not institute a second action in which those counterclaims become the basis of the complaint," given LICP's undue delay in bringing those claims. *Shmuel Shmueli Bashe, Inc.*, 68 F. Supp. 2d at 165. LICP's complaint against U.S. Bank Trust and Rialto is therefore dismissed.

## CONCLUSION

For the reasons set forth above, U.S. Bank Trust's and Rialto's motion to dismiss is granted.

SO ORDERED.

                                     */s/ Rachel Kovner*
                                     RACHEL P. KOVNER
                                     United States District Judge

Dated: March 24, 2025
       Brooklyn, New York