UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Registered Holders of the WFCM 2013-LC12 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2013-LC12,

Plaintiff,

-against-

LONG ISLAND CITY PARTNERS LLC; STEVEN BAHARESTANI; MARTIN BAHARESTANI; WORKERS COMPENSATION BOARD OF NEW YORK STATE; CRIMINAL COURT OF THE CITY OF NEW YORK; ENVIRONMENTAL CONTROL BOARD; SELA GROUP, LLC; MALKA GERSHOMOV, as Nominee, s/h/a John Doe #1; and JOHN DOE #2 THROUGH JOHN DOE #50,

Defendants.
---------------------------------------------------------X

REPORT AND RECOMMENDATION
21 CV 1347 (RPK)(RML)

LEVY, United States Magistrate Judge:

By order dated July 31, 2025, the Honorable Rachel P. Kovner, United States District Judge, referred defendant Sela Group, LLC's motion for attorney's fees to me. For the reasons stated below, I respectfully recommend that the motion be granted in part and denied in part, and that Sela Group, LLC be awarded $122,430 in attorney's fees.

## BACKGROUND

Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of the WFCM 2013-LC12 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2013-LC12 ("plaintiff"), commenced this action on March 12, 2021. (Complaint, dated Mar. 12, 2021, Dkt. No. 1.) Plaintiff filed a Second Amended Complaint on May 2, 2023. (See Second

Amended Complaint, dated May 2, 2023 ("SAC"), Dkt. No. 76.) Defendant Sela Group, LLC ("Sela") filed an answer and cross-claim against defendant Long Island City Partners ("LICP") on June 8, 2023 (see Answer to Second Amended Complaint and Cross-Claim, dated June 8, 2023, Dkt. No. 84), and LICP filed an answer to Sela Group's cross-claim on June 21, 2023 (see Answer to Cross-Claims, dated June 21, 2023, Dkt. No. 89). The Second Amended Complaint sought to foreclose two mortgage liens, as consolidated, that secured a Note in the original principal sum of $8,000,000. (SAC ¶ 1.) Sela was named a defendant by virtue of a lis pendens it filed against the property at issue. (Id. ¶ 10.) The conflict between Sela and LICP concerned a December 2019 Purchase and Sale Agreement, which Sela accused LICP of breaching. (See Report and Recommendation, dated Aug. 22, 2024 ("R&R"), Dkt. No. 133, at 6, 19-20.)

By Report and Recommendation dated August 22, 2024, I recommended that Sela's motion for summary judgment on its cross-claim against LICP for breach of contract and for an award of attorney's fees be granted. (See id. at 30.) On March 13, 2025, Judge Kovner adopted the R&R in its entirety. (See Memorandum and Order, dated Mar. 13, 2025, Dkt. No. 152). Sela now requests $166,320.80 in legal fees incurred through March 31, 2025. (Declaration of Christopher A. Gorman, Esq., dated Apr. 11, 2025 ("Gorman Decl."), Dkt. No. 156, ¶¶ 11, 106.) LICP does not dispute Sela's entitlement to attorney's fees but argues that the request is excessive and should be reduced by at least fifty percent. (Defendant Long Island City Partners LLC's Memorandum of Law in Opposition to Sela Group, LLC's Supplemental Submission Regarding Attorney's Fees, dated May 23, 2025 ("LICP Opp'n Mem."), Dkt. No. 164.) Sela's counsel has submitted contemporaneous attorney billing records as directed. (Gorman Decl., Exs. A, B.)

## DISCUSSION

In assessing whether legal fees are reasonable, the court must determine the "presumptively reasonable fee," that is, "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 183–84 (2d Cir. 2008). The presumptively reasonable fee, also known as the lodestar, is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011). The party seeking fees bears the "burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Greenlight Cap. Inc. v. Fishback, No. 24 CV 4832, 2026 WL 1801182, at *5 (S.D.N.Y. June 23, 2026) (citation omitted). However, the Supreme Court has cautioned that the "determination of fees 'should not result in a second major litigation.'" Fox v. Vice, 563 U.S. 826, 838 (2011) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)). The court's role is not to act as a "green-eyeshade" accountant but "to do rough justice." Id.

Here, Sela was represented by the law firm of Abrams Fensterman, LLP ("AF") until November 2023, and then by Rosenberg & Estis, P.C. ("R&E"). (Gorman Decl. ¶ 1.) Attorney Christopher A. Gorman was the lead partner representing Sela at both firms. (Id.) At AF he was assisted by partner Keith Corso and associate Taylor Cary (id. ¶¶ 17), and at R&E he was assisted by associates Joshua Filsoof and John Muldoon and legal assistant Jessica Bejarano (id. ¶ 18). Mr. Gorman has been practicing law for over twenty years and has expertise in complex commercial litigation and real estate litigation. (Id. ¶ 19.) LICP argues that Mr. Gorman's hourly rates—which ranged from $550 to $590 from March 2021 to October 2023 (id. ¶ 36) and from $600 to $700 from November 2023 to the present (id. ¶ 40)—were excessive. (LICP Opp'n Mem. at 7-8.) It does not argue that the billing rates of the other attorneys at AF or

R&E were excessive. There is therefore no opposition to the billing rates of attorneys Keith Corso, Taylor Cary, John Muldoon, and Joshua Filsoof, or to the paralegal rate.

"To determine a reasonable hourly rate, courts consider 'market rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Hennessy by & through Hennessy v. 194 Bedford Ave. Rest. Corp., No. 21 CV 5434, 2022 WL 4134502, at *6 (E.D.N.Y. Aug. 8, 2022) (quoting Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998)), report and recommendation adopted, 2022 WL 4134437 (E.D.N.Y. Sept. 12, 2022). "Courts in the Eastern District of New York have recognized that reasonable hourly rates for experienced attorneys may range from approximately $450 to $650, with the highest rates generally reserved for highly experienced trial attorneys recognized as leaders in their fields." Mejia v. Jose I. Landscaping Inc., No. 23 CV 5936, 2026 WL 1905957, at *2 (E.D.N.Y. July 2, 2026) (citing Rubin v. HSBC Bank USA, NA, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025)); see also Kimba Indus. Inc. v. Fortegra Specialty Ins. Co., No. 24 CV 1334, 2026 WL 618037, at *6 (E.D.N.Y. Mar. 5, 2026) ("The updated 'forum rates in the Eastern District' after adjusting 'for inflation and market conditions' appear[] now to be in the [range of] '$450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals.'" (citation omitted)). Having reviewed Mr. Gorman's biographical information and employment chronology, I find his requested hourly rates higher than the rates approved by courts in this district for attorneys of similar skill and experience. I therefore recommend that Mr. Gorman's hourly rate be reduced to $500 for all hours worked on this matter. See Mejia, 2026 WL 1905957, at *2 (approving seasoned attorney's fees with an hourly

rate of $500); Polyakov v. Pen Enters., Inc., 786 F. Supp. 3d 557, 566 (E.D.N.Y. 2025) (same); Naraine v. Washdry Tech Inc., 749 F. Supp. 3d 398, 410 (E.D.N.Y. 2024) (same).

"Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." Hashimi v. CLMO, LLC, No. 20 CV 1703, 2021 WL 3478174, at *5 (S.D.N.Y. July 19, 2021). "The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary." Treyger v. First Class Furniture & Rugs Inc., No. 21 CV 2902, 2022 WL 543026, at *8 (E.D.N.Y. Jan. 10, 2022) (citation omitted), report and recommendation adopted, 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022). If the court finds that the time spent on tasks is unreasonable, it has "the discretion to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks and citation omitted); see also StoneX Grp., Inc. v. Shipman, No. 23 CV 613, 2025 WL 1212165, at *6 (S.D.N.Y. Apr. 25, 2025) ("Courts apply a percentage reduction to the hours requested where, for example, the hours expended were excessive, the time entries reflect block billing, the entries include time spent on unrelated work, the time entries are redundant or vague, and/or the time entries reflect that work should have been delegated to more junior attorneys or paralegal staff." (collecting cases)).

LICP objects to the number of hours expended by Sela's counsel on the grounds that many of the time entries in their billing records "are too vague to sufficiently document the hours claimed," consist of "block billing," or describe "simple, clerical or administrative tasks that could have been performed by a less-skilled practitioner." (LICP Opp'n Mem. at 2.) It contends that "a significant across-the-board reduction of hours by this Court is warranted." (Id.

at 13.) Having reviewed Sela's counsel's billing records in detail, I recommend a twenty percent reduction in the attorneys' hours to account for time spent that was "excessive, redundant, or otherwise unnecessary." Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (quoting Hensley, 461 U.S. at 434). This chart sets out my calculations:

| Attorney | Hourly Rate | # of Hours Billed | # of Hours Reduced | Total Fees |
|---|---|---|---|---|
| Christopher A. Gorman | $500 | 60.4 | 48.32 | $24,160 |
| Keith Corso | $450 | 232.3 | 185.84 | $83,628 |
| Taylor Cary | $325 | 6.2 | 4.96 | $1,612 |
| John Muldoon | $475 | 0.8 | 0.64 | $304 |
| Joshua Filsoof | $350 | 44.9 | 35.92 | $12,572 |
| | | | | $122,276 |

I find the number of hours expended by legal assistant Jessica Bejarano reasonable and sufficiently documented and therefore recommend that Sela be awarded $154 for her services. This brings the total to $122,430.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the motion be granted in part and denied in part and that Sela Group, LLC be awarded $122,430 in attorney's fees. Any objections to this Report and Recommendation must be filed within fourteen (14) days. Any requests for an extension of time for filing objections must be directed to Judge Kovner. Failure to file objections within the specified time waives the right to judicial review. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

Robert M. Levy

ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
July 24, 2026